In the Matter of the CITY OF NEW YORK, Acting for and on Behalf of the New York City Housing Authority, Relative to Acquiring Title to Real Property within the Area Bounded by PEARL STREET and Other Streets, in the Borough of Manhattan, Selected as a Site for the Gov. ALFRED E. SMITH HOUSES.

Supreme Court, Special Term, New York County, November 1, 1948.

*John P. McGrath, Corporation Counsel* for the City of New York.

*Milton H. Mandel* for Trona Realty Corporation, owner-claimant.

*Percy Finkelstein,* appraiser-claimant in person.

EDER, J. In this condemnation proceeding an award was made to Trona Realty Corporation, owner-claimant, in connection with damage parcels 233 to 237, inclusive.

One Percy Finkelstein, a real estate appraiser, filed with the comptroller of the city of New York, a notice claiming a lien on the award for his services as such appraiser, in connection with such damage parcels, allegedly rendered on behalf of the owner-claimant.

The comptroller has refused to pay the award because of the filing of said notice of claim of lien and it is stated that the comptroller will only make payment if an order is made by this court directing that said claim of lien be disregarded by him.

This is an application by the owner-claimant for an order directing the comptroller to disregard said claim of lien on the award and directing him to pay the amount of the award, with interest, to the applicant.

There are two phases to be considered, viz., the status of the appraiser, as a lienor, and the nature and legal effect of the application, as directed against the comptroller.

The claim of lien by the appraiser upon the award, for his services rendered as such appraiser, is untenable.

It is a rule of universal recognition that a lien is created by contract or by some positive rule of law, such as by statute, and no one has a lien upon the property of another with whom he deals unless it is conferred by contract or by some rule of law (*Deeley* v. *Dwight,* 132 N. Y. 59, 63).

This is the general current of all the decisions (37 C. J., Liens, § 14, p. 312; 53 C. J. S., Liens, pp. 833, 834).

There is a dispute as to whether the appraiser was employed by the owner-claimant, but assuming, *arguendo,* that he was, such mere employment would not give him a lien on the award for his services.

There is no statute in this State creating a lien in favor of an appraiser upon an award made in a condemnation proceeding for services rendered as an appraiser in such proceeding. Nor

does the record disclose any lien conferred upon the appraiser by contract. A lien is never an incident of a contract or money obligation; unless, as stated, made so by contract or by some rule of law.

Nor can the appraiser be said to have even a common-law lien since it is indispensable to support a common-law lien that the person claiming the lien should have independent and exclusive possession of the property (*Deeley* v. *Dwight, supra,* p. 63), which is not the case here.

The application is directed solely against the comptroller for an order directing him to disregard the said claim of lien, and directing him to pay the amount of the award to the applicant.

The proceeding is in the nature of an application for a final order of peremptory mandamus and such relief must be sought by an independent special proceeding (Civ. Prac. Act, art. 78); such an application may not be made as an interlocutory motion in the condemnation proceeding.

The appropriate practice would be a motion in the condemnation proceeding to expunge the claim, citing the appraiser as the necessary party to the motion. Notice should also be given to the comptroller, whose status is that of a stakeholder, but who will be affected by the determination made.

Motion is denied, without prejudice to the owner-claimant to move to expunge the claim.